UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LIONEL WHITE, | No. C 09-2901 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| COUNTY OF SAN FRANCISCO; et al., | |
| Defendants. | |

## INTRODUCTION

Larry Lionel White, currently an inmate at the California State Prison in Lancaster, filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

White does not explain his current custodial status in this action, but in another action he filed he reported that he is in prison serving a 50-to-life sentence for a conviction in San Francisco County Superior Court case number 2262305. He was convicted of several counts of kidnapping and rape with numerous sentence enhancements, according to his petition for writ of habeas corpus in White v. Wong, Case No. C 09-1746 SI. That action was dismissed on September 14, 2009, because White had not exhausted his state court remedies for any of his claims; in fact, he had not filed any state court appeal before filing his federal habeas petition. See Order Of Dismissal in White v. Wong, Case No. C 09-1746 SI.

In his complaint in this action, White attempts to state claims under 42 U.S.C. § 1983 for many of the same constitutional violations he asserted as grounds for relief in his federal habeas petition. While the federal habeas petition was a bit premature, this civil rights action is extremely premature.

In his complaint, White alleges that he was prosecuted for two 1998 rapes in an untimely fashion. He apparently was arrested in 1998 for the rape of Cheryl P. and was released a few days later and that case was closed in July 2000. In 2003, a new arrest warrant and complaint apparently were prepared based on DNA evidence that had been developed that "conclusively" identified White "as a suspect" in the rape of Cheryl P. and Kei C. Complaint, p. 3. White was re-arrested on April 22, 2005 for the 1998 Cheryl P. and Kei C. rapes. He was arrested by police inspector Peter Siragusa without a valid arrest warrant and pursuant to a defective affidavit.[1] The superior court ordered White to produce a saliva sample for a DNA test comparison, which allegedly violated White's Fifth Amendment right not to incriminate himself. White also alleges that the criminal prosecution was barred by the statute of limitations, and that an effort to revive a time-barred prosecution violated his rights under the Ex Post Facto Clause of the U.S. Constitution. White alleges that the charges in case number 2214748 were dropped after a preliminary hearing on April 11, 2006. He was immediately rearrested and the same charges were re-filed against him with a new case number (i.e., case number 2262305). He contends that this violated his right to be free from double jeopardy. His motion to lower bail was denied, allegedly in violation of his Eighth Amendment right not to be subject to excessive bail. The very lengthy delay before his trial allegedly violated his Sixth Amendment rights.

The defendants are Kamala Harris, the District Attorney for the City and County of San Francisco, and Michon Martin and J. Michael Swart, two Assistant District Attorneys. White requests millions of dollars in compensatory and punitive damages.

---

[1] The wrongful arrest claim repeats a claim alleged in the complaint in White v. City of San Francisco, Case No. C 08-4603 SI, and therefore is dismissed as duplicative. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious).

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The Heck rule generally precludes a prisoner-plaintiff from obtaining damages in a § 1983 action for alleged constitutional violations in connection with his criminal trial as long as the conviction remains in place. Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. The Heck rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. See Edwards v. Balisok, 520 U.S. 641, 648 (1997). That Heck applies to both damages and equitable relief was further clarified in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Whether the Heck rule applies requires one to consider whether success in the §1983 action would "necessarily demonstrate the invalidity of the confinement or its duration." Id. at 82. If so, the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside.

3

White claims that the prosecutors violated his constitutional rights in connection with his criminal trial. His speedy trial rights, right against self-incrimination, right to be free from double jeopardy and his right to be free of ex post facto laws allegedly were violated by defendants. These claims are squarely within the Heck rule because success on any of them would call into question the validity of his conviction that is now in place. Heck requires the dismissal of these claims.

It is not clear that success on the excessive bail claim would call into question the validity of the conviction, but even if it was not barred by the Heck doctrine, the prosecutors would have absolute immunity against a claim for damages if the excessive bail claim was based on their conduct as advocates in the criminal case. See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). This claim must be dismissed. There are no claims that are not barred by the Heck rule or as to which the doctrine of prosecutorial immunity would not apply. Therefore, the complaint must be dismissed.

After filing the complaint, White filed a document captioned as a "declaration" in which he requested leave to amend to add Peter Siragusa as a defendant. The motion to amend is DENIED. (Docket # 4.) As explained in footnote 1, above, the claim against Siragusa has been dismissed from the action as duplicative of the claim asserted in an earlier civil rights complaint. Even if White could amend to allege that Siragusa caused the constitutional violations in connection with his criminal trial – which he has not done – any claims against Siragusa would be barred by the Heck rule.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED without leave to further amend. This dismissal is without prejudice to plaintiff filing a new action if his criminal conviction is ever set aside. The clerk shall close the file.

IT IS SO ORDERED.

Dated: February 9, 2010

_____
SUSAN ILLSTON
United States District Judge

4